NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BLAINE LOUIS JACINTHO,

     Defendant - Appellant.

No. 24-54

D.C. No.
1:21-cr-00070-JAO-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Jill A. Otake, District Judge, Presiding

Argued and Submitted June 5, 2025
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Blaine Louis Jacintho appeals his conviction for possession of methamphetamine and related drug offenses and his resulting sentence of 204 months' imprisonment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.     Reviewing for plain error, Task Force Officer ("TFO") Jared Lee's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

testimony about the meaning of text messages between Jacintho and the cooperating source ("CS") does not require reversal.[1] *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). Jacintho does not identify any testimony that strayed into improper opinion or expert testimony. Thus, Jacintho failed to show that TFO Lee's testimony affected his substantial rights or the fairness and integrity of trial. *See United States v. Combs*, 379 F.3d 564, 568 (9th Cir. 2004).

2.      The prosecutor's closing statements do not require reversal under plain error review. *See United States v. Audette*, 923 F.3d 1227, 1238–39 (9th Cir. 2019). Jacintho argues that the prosecutor effectively instructed the jury that they were oath-bound to convict him during closing arguments. But the challenged remarks were brief and couched in language that accurately described the jury's duty to weigh the evidence. *See United States v. Sanchez*, 176 F.3d 1214, 1225 (9th Cir. 1999). The district court also "sufficiently minimized" any prejudice by instructing the jury that closing statements were not evidence. *See Audette*, 923 F.3d at 1239. Thus, the challenged remarks did not affect Jacintho's substantial rights or impede the fairness and integrity of trial.

3.      The district court did not abuse its discretion by applying an

---

[1]     We do not address the admissibility of the text messages between Jacintho and the non-testifying CS because Jacintho's counsel conceded that he is not challenging the admissibility of the text messages on appeal but seeks a new trial because TFO Lee was not qualified to translate or interpret the text messages. *See* Oral Arg. at 8:07–8:30.

enhancement under USSG § 3B1.1(b). *See United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021). The court may apply a three-level increase to a defendant's offense level if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S. Sent'g Guidelines Manual (USSG) § 3B1.1(b) (U.S. Sent'g Comm'n 2024). Jacintho argues the record does not establish that he managed or supervised any other participant. But Jacintho exerted some control and decision-making authority over his brother, whom he recruited to act as security and a "lookout" for the drug transaction. *See United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000). Jacintho likewise played a prominent role in arranging the delivery and receipt of drug parcels and negotiating the terms of the drug transactions. *See United States v. Salcido-Corrales*, 249 F.3d 1151, 1154–55 (9th Cir. 2001).

Jacintho also argues that the criminal activity did not involve five or more participants because Bukoski and Boggs were working as "government agents" and therefore cannot be co-conspirators. *See* USSG § 3B1.1 cmt. n.1; *United States v. Doe*, 778 F.3d 814, 823 (9th Cir. 2015). But there is no evidence that Boggs or Bukoski served as government informants during the drug conspiracy. To the contrary, the evidence demonstrates that Boggs and Bukoski had the knowledge and intent to commit drug offenses. *See United States v. Anderson*, 895 F.2d 641, 644 (9th Cir. 1990). Jacintho does not dispute that Amigo and Holi were participants in

the criminal activity. The district court's finding that Jacintho's criminal activity involved at least five participants was not clear error. *See Harris*, 999 F.3d at 1235.

4.     The district court did not abuse its discretion by deferring to the Sentencing Commission's drug purity policy for methamphetamine. *See id*. The empirical study by the Commission that Jacintho relies on for support was published after his sentencing and is thus inapplicable. And the district court also properly considered and applied the 18 U.S.C. § 3553(a) sentencing factors and even exercised its discretion to vary downward for Jacintho's sentence.

**AFFIRMED.**